IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

ARTURO MEANA ALVAREZ

Debtor

CASE NO. 24-03568 (ESL)

CHAPTER 13

FILED AND ENTERED 3/27/2026

OPINION AND ORDER

This case is before the court upon two (2) contested matters. The <u>first</u>, the *Motion to Dismiss with Bar to Re-File and Objection to Confirmation* (the "*Motion to Dismiss*", dkt. #86) filed by creditor Lynette Torres Marquez ("Torres"). And the <u>second</u>, the Debtor's *Objection to Claim #6 Filed by Lynnette Torres Marquez* (the "*Objection to Claim*", dkt. #87) and Torres' *Motion in Opposition to Objection to Claim #6* (dkt. #98). Also under the court's consideration – and related to these contested matters – are Torres' *Motion for Summary Judgment Based on Bankruptcy Court's Lack of Jurisdiction to Review Local Court Determinations and in Support of DSOR's Motion to Dismiss with a Bar to Refile* ("*Torres' Motion for Summary Judgment in Support of Dismissal*", dkt. #113), and the Debtor's *Motion for Summary Judgment on Objection to Claim and Motion to Dismiss with a Bar to Refile Filed by Lynnete (sic) Torres Marquez* ("*Debtor's Motion for Summary Judgment in Support of Objection to Claim and Opposing Dismissal*", dkt. #114).

For the reasons discussed below, Torres' requests for the dismissal of this Third Bankruptcy Case, *infra*, in the *Motion to Dismiss* (dkt. #86) and in *Torres' Motion for Summary Judgment in Support of Dismissal* (dkt. #113) are hereby DENIED. The Debtor's *Objection to Claim* (dkt. #87) and the *Debtor's Motion for Summary Judgment in Support of Objection to Claim and Opposing Dismissal* (dkt. #114) are also DENIED. Torres' request for reasonable attorneys' fees for having to defend Proof of Claim No. 6 is GRANTED.

<u>Jurisdiction</u>

The court has jurisdiction pursuant to 28 U.S.C. §§1334(b) and 157(a). This is a core proceeding pursuant to 28 U.S.C. §§157(a) and (b). Venue of this proceeding is proper under 28 U.S.C. §§1408 and 1409.

<u>Procedural Background</u>

1. This is the Debtor's third bankruptcy case. He has two (2) prior bankruptcy petitions, both filed in 2013 (<u>see</u>, the "First Bankruptcy Case", Bankr. Case No. 13-03154; and the "Second Bankruptcy Case", Bankr. Case No. 13-08779). The First Bankruptcy Case was dismissed on Debtor's failure to file all the documents and/or information required by 11 U.S.C. §521(a). <u>See</u>, Bankr. Case No. 13-03154, dkt. #25. The Second Bankruptcy Case was closed in January 2019 after the court entered a Discharge Order on December 26, 2018. <u>See</u>, Bankr. Case No. 13-08779, dkts. ##116, 118.

2. The Second Bankruptcy Case was reopened on December 13, 2023, after the Debtor filed an Adversary Proceeding against ASUME, *infra*, for alleged violations to the Discharge Order entered on December 26, 2018. <u>See</u>, Bankr. Case No. 13-08779, dkts. ##120, 122, 123; Adv. Proc. No. 23-00085, dkt. #1. The Second Bankruptcy Case was subsequently closed after the Debtor requested, and the court granted, the voluntary dismissal of the Adversary Proceeding in July 2024. <u>See</u>, Adv. Proc. No. 23-00085, dkts. ##39, 40.

3. The Debtor filed the instant voluntary Chapter 13 petition on August 27, 2024 (the "Third Bankruptcy Case", dkt. #1).

4. In the schedules filed with the Chapter 13 bankruptcy petition, the Debtor represented that it did not have any secured creditors (<u>see</u>, *Schedule D: Creditors Who Have Claims Secured by Property*, dkt. #1, p. 17), and identified ASUME, *infra*, the Puerto Rico Treasury Department, the Internal Revenue Service, First Bank, and Medtronics as unsecured creditors. <u>See</u>, *Schedule E/F: Creditors Who Have Unsecured Claims*, dkt. #1, pp. 18-20.

5. There are seven (7) proofs of claim filed in the Claims Register.[1] Torres filed Proof of Claim No. 6 for child support in the unsecured amount of $82,116.75 and asserted priority under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). See, POC #6. The Administration for Child Support Enforcement ("ASUME" by its Spanish acronym) filed Proof of Claim No. 7 for child support in the same unsecured amount as Torres, which was later denied by the court as it found that it was duplicitous of Torres' Proof of Claim No. 6. See, POC #7; dkts. ##88, 110.

6. On January 29, 2025, the Debtor filed an *Objection to Claim Number 6*, which was denied the next day for failure to comply with P.R. L.B.R. 3007-1(a). See, dkts. ##52, 53.

7. On February 19, 2025, the Debtor re-filed the *Objection to Claim #6 Filed by Lynnette Torres Marquez* arguing that it contains inaccurate information as to the amount owed in domestic support obligations ("DSO"). See, dkt. #62. The court denied the *Objection to Claim #6 Filed by Lynnette Torres Marquez* "without prejudice to clarifying with specificity the number of the claim being objected" (dkt. #80, ¶¶12-13), noting that Proofs of Claim Nos. 6 and 7 "are for the same amount … and for the same creditor, [Torres]", thus "both cannot be allowed" (id., ¶¶16-18).

8. On April 28, 2025, Torres filed the *Motion to Dismiss* arguing that the Debtor defrauded the court in the Second Bankruptcy Case by submitting a false declaration under penalty of perjury stating that all post-petition DSO payments were up to date while, in reality, they were not. Torres requested that the instant Third Bankruptcy Case be dismissed arguing that the Debtor filed the case to hinder and delay Torres' right to collect overdue DSO payments, and that the bankruptcy court is not the proper venue and lacks jurisdiction to entertain a determination by ASUME for pre-petition debt and to review an issue that has been adjudicated by the Puerto Rico Court of Appeals and the Puerto Rico Supreme Court. See, dkt. #86. Torres also requested a two (2) year bar to refile "to allow ASUME and the appearing party to collect the monumental DSO debt…" (id., ¶51).

---

[1] Ascendium Education Solutions, Inc. requested, and this court granted, the withdrawal of Proof of Claim No. 1 on December 2024. See, dkts. ##40, 42.

9. On April 29, 2025, the Debtor filed the *Objection to Claim*, arguing that Proof of Claim No. 6 contains inaccurate information as to the amount owed and briefly explaining the basis for his argument. On that same date, the Debtor filed an *Objection to Claim # 7-1 Filed by ASUME* (dkt. #88), stating that Proof of Claim Nos. 6 and 7 are duplicative.

10. On May 26, 2025, Torres filed a *Motion in Opposition to Objection to Claim #6* arguing that the amount claimed in Proof of Claim No. 6 "was post-bankruptcy [(referring to the Second Bankruptcy Case)], discussed and agreed in Court[,] and audited, reviewed and properly notified by ASUME and[,] thus[,] became final and unappealable" (dkt. #98, ¶3).

11. On June 15, 2025, the court held a pre-trial conference on the *Motion to Dismiss* and Debtor's objections to Proof of Claim Nos. 6 and 7 (dkts. ##87, 88). The *Minutes* reflect as follows:

> The court stated that the key issue before the court was to determine the amounts owed by the Debtor to DSO creditor Torres, pre-petition and post-petition, as such a determination would be the basis to determine the Debtor's objection to proof of claim number 6 and Torres' motion to dismiss. The court further stated that the parties had not presented to the court the relevant facts on this issue nor the supporting evidence to the allegations made by Torres and the Debtor.
>
> …
>
> After discussing the pending matters before the court and the most efficient and cost-effective way to address the same, the court determined that cross motions for summary judgement on both the Debtor's objection to proof of claim 6 and Torres motion to dismiss was the most effective as both have substantially the same facts in common, the DSO debt.

dkt. #110, p. 2, lines 5-21. At the pre-trial conference, the court granted Debtor's objection to Proof of Claim No. 7 (dkt. #88) as unopposed and ordered the parties to file cross motions for summary judgment on these contested matters.

12. On August 5, 2025, Torres filed *Torres' Motion for Summary Judgment in Support of Dismissal* (dkt. #113). The Debtor did not file an opposition thereto.

13. On August 6, 2025, the Debtor filed the *Debtor's Motion for Summary Judgment in Support of Objection to Claim and Opposing Dismissal* (dkt. #114). Torres did not file an opposition thereto.

Issues

The issues before the court are: (i) whether it has jurisdiction to address the Debtor's arguments in the *Objection to Claim* (dkt. #87) and in the *Debtor's Motion for Summary Judgment in Support of Objection to Claim and Opposing Dismissal* (dkt. #114) regarding the DSO amounts owed, as determined by ASUME and the object of judicial review before Puerto Rico state courts; and, if the court determines that it has jurisdiction to address this issue, (ii) what are the pre-petition DSO amounts owed by the Debtor to Torres, if any.

Position of the Parties

A.    Torres' Position

Torres argues that the Debtor's *Objection to Claim* is an attempt to revise a previous determination by the Puerto Rico Court of Appeals, which is final and unappealable, and requests that this Third Bankruptcy Case be dismissed with a two-year bar to refile. Torres argues that this court's jurisdiction is limited to determining whether the amounts claimed constitute a DSO claim or not, and lacks jurisdiction to determine or revise the DSO amounts owed because this can only be reviewed by ASUME, citing In re Efron, 495 B.R. 166 (Bank. D.P.R. 2013). Torres also argues that the Debtor is time barred from requesting a revision of the amounts claimed as there is a final and unappealable determination by the Puerto Rico Court of Appeals, and that the Debtor has extinguished all available state court remedies to contest the DSO amount. Torres argues that the Debtor entered into an agreement by which he recognized that he owed $66,040.00 in child support and, thus, he cannot now claim that there is a mathematical error and relitigate this issue.

Torres asserts that the pre-petition DSO amounts owed are $82,116.75, that the Debtor did not file an opposition to Torres' *Motion to Dismiss* (dkt. #86), and requests payment of reasonable attorneys' fees of at least $5,000.00.

B.      Debtor's Position

The Debtor argues that the amounts claimed in Proof of Claim No. 6 are not what is actually owed by the Debtor as the certification provided by ASUME contains legal and mathematical errors. The Debtor requests that the court grant summary judgment sustaining the *Objection to Claim*, denying the *Motion to Dismiss*, and ordering ASUME to revise its certification of the amounts owed by the Debtor.

Uncontested Material Facts

Both the Debtor and Torres failed to comply with L. Civ. R. 56(c) and (e), *infra*, as they failed to support most, if not all, of their proposed material uncontested facts with record citations. Moreover, neither party filed an opposition to the other's motion for summary judgement. Upon both parties' failure to controvert the material facts proposed by the other, the court may disregard any statement of fact not supported by a specific citation to the record or supporting documents, and may deem admitted all proposed material facts that are supported by record citations and were not properly controverted. See, L. Civ. R. 56(e).[2]

After reviewing the record, *Torres' Motion for Summary Judgment in Support of Dismissal*, and the *Debtor's Motion for Summary Judgment in Support of Objection to Claim and Opposing Dismissal,* the court finds that the following material facts are uncontested:

1.      On August 27, 2024, the Debtor filed this Third Bankruptcy Case. See, dkt. #1.

2.      In *Schedule E/F* filed with the bankruptcy petition, the Debtor identified ASUME as having an unsecured, disputed claim for domestic support obligations in the nonpriority amount of $88,000.00. See, dkt. #1, p. 18.

---

[2] The court notes that some of the proposed material facts in *Torres' Motion for Summary Judgment in Support of Dismissal* are supported by documents submitted in Spanish. "It is well settled that the law incontrovertibly demands that federal litigation in Puerto Rico be conducted in English", in accordance with 48 U.S.C. §864. Banco Popular de P.R. v. Santiago-Salicrup, 630 B.R. 374, 378 (D.P.R. 2021), citing Estades-Negroni v. Assocs. Corp. of N. Am., 359 F. 3d 1, 2-3 (1st Cir. 2004). See also 48 U.S.C. §864 ("All pleadings and proceedings in the United States District Court for the District of Puerto Rico shall be conducted in the English language."); L. Civ. R. 5(c) ("All documents not in the English language which are presented or filed, whether as evidence or otherwise, must be accompanied by a certified translation into English…"); PR LBR 9070-1(c) ("All Exhibits and documentary evidence in Spanish or other language shall be fully translated to the English language by a certified translator."); In re Bernier, 2022 WL 17096264, at *6-7, 2022 Bankr. LEXIS 3283, at *17-18 (Bankr. D.P.R. 2022) (holding that documents not in the English language should not be considered). Because the court may not consider documents in Spanish, any proposed material fact supported by a document in Spanish will not be considered.

3. On November 6, 2024, Torres filed Proof of Claim No. 6 in the unsecured amount of $82,116.75 on account of pre-petition DSO arrears owed by the Debtor, entitled to administrative priority under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B), as evinced by a Certification issued by ASUME as of August 29, 2024. See, Proof of Claim No. 6; dkt. #113, *Proposed Finding of Fact #1*.

4. In the Second Bankruptcy Case, Torres and ASUME filed Proofs of Claim Nos. 3 and 12 in the unsecured amount of $37,400 and $44,600, respectively, on account of DSO arrears owed by the Debtor, entitled to administrative priority under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). See, dkt. #114, *Proposed Finding of Fact #a*, and Exhibit 2, pp. 20-23. See also, Bankr. Case No. 13-08779, Proofs of Claim Nos. 3 and 12.

5. In the Second Bankruptcy Case, the Debtor objected to ASUME's Proof of Claim No. 12, arguing that, pursuant to a resolution issued by the Puerto Rico Court of First Instance dated as of August 21, 2014, the correct amount of arrears was $32,400, not $44,600. See, Bankr. Case No. 13-08779, dkt. #86.

6. In the Second Bankruptcy Case, the Debtor's objection to ASUME's Proof of Claim No. 12 was granted as unopposed. See Bankr. Case No. 13-08779, dkt. #89.

7. In the Second Bankruptcy Case, the court confirmed Debtor's *Amended Chapter 13 Payment Plan Dated 8/21/2014* on June 24, 2025, under which the Chapter 13 Trustee paid $32,400.00 to ASUME and $0 to Torres. See, dkt. #114, *Proposed Finding of Fact #a,* and Exhibits 3 and 4, pp. 24-32. See also, Bankr. Case No. 13-08779, dkts. ##76, 105, 113.

8. The court entered a Discharge Order in the Second Bankruptcy Case on December 26, 2018. See, dkt. #114, *Proposed Finding of Fact #a,* and Exhibits 3 and 4, pp. 24-32; dkt. #113, *Proposed Finding of Fact #6*. See also, Bankr. Case No. 13-08779, dkt. #116.

9. In the Second Bankruptcy Case, the Debtor submitted a *Chapter 13 Debtor's Certifications Regarding Domestic Support Obligations and Section 522(q)* wherein he certified under penalty of perjury that he had paid all amounts that he was required to pay for DSO under

the terms of the confirmed plan as well as those amounts that became due post-petition through the filing of the certification. See, Bankr. Case No. 13-08779, dkt. #114.

10. The pre-petition DSO amounts determined by ASUME as owed by the Debtor and claimed by Torres in this Third Bankruptcy Case pursuant to Proof of Claim No. 6 were the object of litigation and review before the Puerto Rico Court of First Instance and the Puerto Rico Court of Appeals. See, dkt. #113, *Proposed Finding of Fact ##3, 7, 8*; dkt. #114, *Proposed Finding of Fact #b*. See also, *Judgement*, dkt. #86-2.[3]

Applicable Law and Analysis

*A. Summary Judgment Standard under Fed. R. Civ. P. 56*

Under Fed. R. Civ. P. 56, made applicable to contested matters under Fed. R. Bankr. P. 9014(c), summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). See also, Fed. R. Bankr. P. 7056; Celotex Corp. v. Catrett, 477 U.S. 317, 322-332 (1986); In re Colarusso, 382 F.3d 51 (1st Cir. 2004); Alicea v. Wilkie, 2020 WL 1547064, 2020 U.S. Dist. LEXIS 57213 (D.P.R. 2020).

"The summary-judgment procedure authorized by Rule 56 is a method for promptly disposing of actions in which there is no genuine dispute as to any material fact or in which only a question of law is involved." Charles A. Wright, Arthur R. Miller, & Mary K. Kane, 10A Federal Practice and Procedure §2712 (4th ed., West 2022). "Rule 56 provides the means by which a party may pierce the allegations in the pleadings and obtain relief by introducing outside evidence showing that there are no fact issues that need to be tried." Id. (footnotes omitted). "[S]ummary judgment is not a substitute for the trial of disputed fact issues. Accordingly, the court … is empowered [only] to determine whether there are issues to be tried." Id. (footnotes omitted). See also, Bernier v. Treasury Dep't (In re Bernier), 2022 WL 17096264, at *5, 2022 Bankr. LEXIS

---

[3] Ibid. In their cross motions for summary judgment, both parties make reference to a *Judgment* ("Sentencia" in Spanish) issued the Puerto Rico Court of Appeals on June 20, 2023, affirming a judgment issued by the Puerto Rico Court of First Instance regarding the contested DSO amounts (dkt. #86-2), for which they did not provide a certified English translation. As such, this court will only note the existence of the *Judgement*; its contents, including any amounts outlined therein, will not be considered.

3283, at *17-18 (Bankr. D.P.R. 2022) ("the court may only determine whether there are issues to be tried, and it is improper if the existence of a material fact is uncertain.").

"A dispute is 'genuine' if the evidence about the fact is such that a reasonable jury could resolve the point in favor of the non-moving party." Thompson v. Coca-Cola Co., 522 F.3d 168, 175 (1st Cir. 2008), quoting Sánchez v. Alvarado, 101 F.3d 223, 227 (1st Cir. 1996). See also, Andino-Oquendo v. Federal National Mortgage Association, 2023 WL 2245072, at *1, 2023 U.S. Dist. LEXIS 34375, at *2 (D.P.R. 2023), quoting Alicea, 2020 WL 1547064, at *2, 2020 U.S. Dist. LEXIS 57213, at *4. A fact is material only if it is determinative of the outcome of the litigation. See, Hahn v. Sargent, 523 F.2d 461, 464 (1st Cir. 1975), *cert. denied*, 425 U.S. 904 (1976); Maymí v. P.R. Ports Auth., 515 F. 3d 20, 25 (1st Cir. 2008); In re Financial Oversight and Management Board for Puerto Rico, 650 B.R. 334, 353 (D.P.R. 2023), quoting Vineberg v. Bissonnette, 548 F.3d 50, 56 (1st Cir. 2008) ("Material facts are those that 'possess[ ] the capacity to sway the outcome of the litigation under the applicable law,' and there is a genuine factual dispute where an issue 'may reasonably be resolved in favor of either party.' ").

When considering a petition for summary judgment, the court must review the evidence in the light most favorable to the nonmoving party. See, Thompson, 522 F.3d at 172, citing Franceschi v. United States VA, 514 F.3d 81, 83 (1st Cir. 2008). The moving party invariably bears both the initial as well as the ultimate burden in demonstrating its legal entitlement to summary judgment. See, Adickes v. Kress & Co., 398 U.S. 144, 157 (1970); López v. Corporación Azucarera de Puerto Rico, 938 F.2d 1510, 1516 (1st Cir. 1991); Alicea, 2020 WL 1547064, at *2, 2020 U.S. Dist. LEXIS 57213, at *4. It is essential that the moving party explain its reasons for concluding that the record does not contain any genuine issue of material fact in addition to making a showing of support for those claims for which it bears the burden of trial. See, Bias v. Advantage International, Inc., 905 F.2d 1558, 1560–61 (D.C. Cir. 1990), *cert. denied*, 498 U.S. 958 (1990).

L. Civ. R. 56 requires a party requesting summary judgment to include a separate, short, and concise statement of material facts and to support each factual assertion with a citation to the

evidentiary record. <u>See</u>, L. Cv. R. 56(b), (e). "The court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment," and "shall have no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts." L. Cv. R. 56(e).

The moving party cannot prevail if any essential element of its claim or defense requires trial. <u>See</u>, <u>López</u>, 938 F.2d at 1516. In addition, the moving party is required to demonstrate that there is an absence of evidence supporting the nonmoving party's case. <u>See</u>, <u>Celotex</u>, 477 U.S. at 325; <u>Prokey v. Watkins</u>, 942 F.2d 67, 72 (1st Cir. 1991); <u>Daury v. Smith</u>, 842 F.2d 9, 11 (1st Cir. 1988). In its opposition, the nonmoving party must show genuine issues of material facts precluding summary judgment; the existence of some factual dispute does not defeat summary judgment. <u>See Kennedy v. Josephthal & Co., Inc.</u>, 814 F.2d 798, 804 (1st Cir. 1987); <u>Kauffman v. Puerto Rico Telephone Co.</u>, 841 F.2d 1169, 1172 (1st Cir. 1988); <u>Hahn</u>, 523 F.2d at 464. A party may not rely upon bare allegations to create a factual dispute but is required to point to specific facts contained in affidavits, depositions, and other supporting documents which, if established at trial, could lead to a finding for the nonmoving party. <u>See</u>, <u>Over the Road Drivers, Inc. v. Transport Insurance Co.</u>, 637 F.2d 816, 818 (1st Cir. 1980). The moving party has the burden to establish that it is entitled to summary judgment; no defense is required where an insufficient showing is made. <u>See</u>, <u>López</u>, 938 F.2d at 1517. The nonmoving party need only oppose a summary judgment motion once the moving party has met its burden. <u>See</u>, <u>Adickes</u>, 398 U.S. at 159. Unless the non-moving party controverts the moving party's statement of uncontested material facts, all the material facts set forth therein shall be deemed to be admitted. <u>See</u>, <u>Cosme-Rosado v. Rosado-Figueroa</u>, 360 F.3d 42 (1st Cir. 2004). This is the so-called "anti-ferret rule." <u>See</u>, <i>e.g.</i>, <u>Orbi, S.A. v. Calvesbert & Brown</u>, 20 F. Supp. 2d 289, 291 (D.P.R. 1998).

When both parties seek summary judgment, as is the case here, the court:

> must evaluate each motion independently, drawing all inferences against each movant in turn. <u>AJC Int'l, Inc. v. Triple–S Propiedad</u>, 790 F.3d 1, 3 (1st Cir. 2015). "Cross-motions for summary judgment do not alter the summary judgment standard, but instead simply require [the court] to determine whether either of the parties deserves judgment as a matter of law on the facts that are not disputed." <u>Wells Real Estate Inv. Trust II, Inc. v. Chardon/Hato Rey</u>

-10-

P'ship, S.E., 615 F.3d 45, 51 (1st Cir. 2010) (citing Adria Int'l Group, Inc. v. Ferré Dev. Inc., 241 F.3d 103, 107 (1st Cir. 2001)) (internal quotation marks omitted). Although each motion for summary judgment must be decided on its own merits, each motion need not be considered in a vacuum. Wells Real Estate, 615 F.3d at 51 (quoting P.R. American Ins. Co. v. Rivera–Vázquez, 603 F.3d 125, 133 (1st Cir. 2010)) (internal quotation marks omitted). "Where, as here, cross-motions for summary judgment are filed simultaneously, or nearly so, the district court ordinarily should consider the two motions at the same time, applying the same standards to each motion." Wells Real Estate, 615 F.3d at 51 (quoting P.R. American Ins., 603 F.3d at 133) (internal quotation marks omitted).

Laboy-Salicrup v. Puerto Rico Electric Power Authority, 244 F.Supp. 3d 266, 270 (D.P.R. 2017). See also, In re Furlong, 620 B.R. 422, 425 (Bankr. D.N.H. 2020), *aff'd sub nom*, 2021 WL 4452320, 2021 U.S. Dist. LEXIS 186633 (D.N.H. 2021).

*B.      Objection to Claim Standard*

Sections 501 and 502 of the Bankruptcy Code govern the filing and allowance of claims in bankruptcy proceedings. See 11 U.S.C. §§501, 502. Section 501(a) provides that: "[a] creditor or an indenture trustee may file a proof of claim. An equity security holder may file a proof of interest." 11 U.S.C. §501(a). Section 502(a) provides that a proof of claim filed under Section 501 "is deemed allowed, unless a party in interest ... objects." 11 U.S.C. §502(a).

Fed. R. Bank. P. 3001(f) sets the evidentiary effect of a properly filed proof of claim (i.e., one that complies with the requirements of the applicable rules and forms), and states that a proof of claim submitted in accordance therewith "shall constitute *prima facie* evidence of the validity and amount" of such claim. Fed. R. Bankr. P. 3001(f). See also, Juniper Dev. Grp. v. Kahn (In re Hemingway Transp., Inc.), 993 F.2d 915, 925 (1st Cir.1993); In re Plourde, 418 B.R. 495, 504 (B.A.P. 1st Cir. 2009).

To rebut the *prima facie* evidence presumption of a properly filed claim, the objecting party must adduce "substantial evidence" in opposition to it. See *e.g.*, In re Plourde, 418 B.R. at 504 (citations omitted). If the objecting party produces "substantial evidence" in opposition and, consequently, rebuts the *prima facie* evidence presumption, the burden shifts to the claimant to establish the validity of its claim by a preponderance of the evidence. See id. ("If the objection

is substantial, the claimant is required to come forward with evidence to support its claims ... and bears the burden of proving its claims by a preponderance of the evidence.") (internal citations and quotations omitted). Also see, OneUnited Bank v. Charles St. Afr. Methodist Episcopal Church of Bos., 501 B.R. 1, 10 (D. Mass. 2013) ("If an objection to the claim is filed, the objecting party must adduce 'substantial evidence' to rebut the presumption in favor of the properly filed claim, at which time the ultimate burden of persuasion rests with the party asserting the claim."). Thus, the "[r]esolution of an objection to a proof of claim in bankruptcy follows a burden-shifting framework." OneUnited Bank v. Charles St. Afr. Methodist Episcopal Church of Bos., 501 B.R. 1, 10 (D. Mass. 2013).

*C.        The Domestic Relations Exception and Domestic Support Obligations*

It is well settled by the Supreme Court of the United States that "the domestic relations exception [ ] divests the federal courts of power to issue divorce, alimony, and child custody decrees". Ankenbrandt v. Next Friend and Mother of L.R. and S.R., 504 U.S. 689 (1992). This limitation is one of subject matter jurisdiction, and its aim is to "keep federal courts from meddling in a realm that is peculiarly delicate, that is governed by state law and institutions (*e.g.*, family courts), and in which inter-court conflicts in policy or decrees should be kept to an absolute minimum." Dunn v. Cometa, 238 F.3d 38, 41 (1st Cir. 2001).

Considering the domestic relations exception, "[i]t is appropriate for bankruptcy courts to avoid incursions into family law matters 'out of consideration of court economy, judicial restraint, and deference to our state court brethren and their established expertise in such matters.'" In re McDonald, 755 F.2d 715, 717–19 (9th Cir.1985), quoting In re Graham, 14 B.R. 246, 248 (Bankr.W.D.Ky.1981). This includes matters related to domestic support obligations, such as child support payments.

The term "domestic support obligation" or "DSO" is defined in Section 101(14A) of the Bankruptcy Code as follows:

> a debt that accrues before, on, or after the date of the order for relief
> in a case under this title, including interest that accrues on that debt

-12-

as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is—

(A) owed to or recoverable by--
(i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
(ii) a governmental unit;

(B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;

(C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of--
(i) a separation agreement, divorce decree, or property settlement agreement;
(ii) an order of a court of record; or
(iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and

(D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

11 U.S.C. §101(14A).

"For an obligation to a former spouse to be considered a domestic support obligation, it must actually be in the nature of support, meaning that what is given must be to provide for the upkeep of the recipient spouse and children". In re Perez, 2013 WL 959842, at *4 (Bankr. D.P.R. 2013), citing Smith v. Pritchett (In re Smith), 586 F.3d 69, 73–74 (1st Cir. 2009); Werthen v. Werthen (In re Werthen), 329 F.3d 269, 273 (1st Cir. 2003). DSO creditors receive special treatment in bankruptcy. In re Smith, 586 F.3d 69, 73 (1st Cir. 2009). They are given priority over most other creditors, see 11 U.S.C. §§507(a)(1)(A), (B), and their claims are also nondischargeable under chapters 7 and 13. See 11 U.S.C. §§727(b), 1328(a)(2). "The party seeking to have a debt determined a DSO and thus nondischargeable bears the burden of proving

-13-

that the obligation is in the nature of support". In re Smith, 586 F.3d at 73, *citing* In re Werthen, 329 F.3d at 271–72 (stating that moving party "bore the burden of showing that the debts were nondischargeable").

D.      *Discussion*

In this case, there is no dispute that the amounts asserted by Torres in Proof of Claim No. 6 constitute a domestic support obligation. It is likewise undisputed that the Debtor owes Torres a substantial pre-petition debt on account of such domestic support obligation. The only disputed issue is the dollar amount owed by the Debtor to Torres. On this matter, Torres attached to her Proof of Claim No. 6 a Certification issued by ASUME (see, POC #6, Exhibit #1) certifying the dollar amount owed by the Debtor up to the petition date.

The Debtor objects to the amount claimed by Torres, and requests summary judgment thereof. In support of his objection, however, the Debtor asserts factually unsupported mathematical errors purportedly made by ASUME in calculating the total owed. To rebut the *prima facie* evidence presumption of Torres' Proof of Claim No. 6, the Debtor must adduce substantial evidence. See *e.g.*, In re Plourde, 418 B.R. at 504. Instead, the Debtor relies on (1) a *Case Reconciliation* ("Cuadre de Caso" in Spanish) allegedly issued by ASUME, in Spanish, which does not bear the seal or any other symbol attributable to ASUME (see, dkt. #114, pp. 34-42), and (2) a document made by "an accountant" "to verify [the DSO payments made by the Debtor] and make the correct adjustments", which is also in Spanish (see, dkt. #87, §8 and Exhibit #5). Because the Debtor did not provide English translations to these documents, the court may not consider them under 48 U.S.C. §864, L. Civ. R. 5(c) and P.R. L.B.R. 9070-1(c). The court also declines to take judicial notice of unverified documents under Fed. R. Evid. 201. In requesting summary judgment on this record, the Debtor plainly did not meet its burden to controvert or rebut the *prima facie* validity of Proof of Claim No. 6 under either Fed. R. Bank. P. 3001 or Fed. R. Civ. P. 56. Summary judgment is thus inappropriate. The Debtor's objection is, in essence, a factually unsupported and impermissible collateral attack on a final state determination issued by ASUME and confirmed on appeal. Consequently, the Debtor's *Objection*

*to Claim* (dkt. #87) and the *Debtor's Motion for Summary Judgment in Support of Objection to Claim and Opposing Dismissal* (dkt. #114) are hereby DENIED. In turn, Proof of Claim No. 6 is hereby ALLOWED.

Finally, we turn to Torres' request for dismissal of the Third Bankruptcy Case. The court finds itself in the same position it did back in July 15, 2025, when it stated that the parties had not presented relevant facts or supporting evidence in support of their positions. See, dkt. #110. After evaluating *Torres' Motion for Summary Judgment in Support of Dismissal* and the *Debtor's Motion for Summary Judgment in Support of Objection to Claim and Opposing Dismissal*, the court finds that Torres failed to further develop her arguments in support of dismissal and did not provide additional evidence that may be considered by this court to make a determination on the date on which the amounts claimed in Proof of Claim No. 6 became due. Torres also did not further develop or provide additional supporting evidence on her claims that the Debtor provided a false statement under penalty of perjury asserting that he did not owe any post-petition DSO in the Second Bankruptcy Case to obtain a discharge. The only documents submitted with *Torres' Motion for Summary Judgment in Support of Dismissal* are the *Case Reconciliation* and a sworn statement explaining how the *Case Reconciliation* was obtained (see, dkt. #113, Exhibits ##1 and 2), not whether the same constitute pre or post-petition DSO. At this juncture, the court eschews the temptation to rummage through the *Case Reconciliation* which, as stated, is inadmissible.

In *Torres' Motion for Summary Judgment in Support of Dismissal*, she briefly mentioned that dismissal is warranted because the Debtor filed the instant case to "hinder and delay ASUME and [Torres'] efforts to collect [DSO]" (dkt. #113, §44). However, Torres did not develop this argument or provide supporting case law on her position. Any request for dismissal of the case must be evaluated under the applicable provisions of the Bankruptcy Code governing dismissal and upon a properly developed record. Thus, the *Motion to Dismiss* (dkt. #86) and Torres' request for dismissal in *Torres' Motion for Summary Judgment in Support of Dismissal* (dkt. #113) are hereby DENIED.

-15-

"[I]n our adversary system of justice it is the parties' responsibility to marshal evidence and prove their points." <u>Ondine Shipping Corp. v. Cataldo</u>, 24 F.3d 353, 356–57 (1st Cir. 1994), citing <u>Crellin Technologies, Inc. v. Equipmentlease Corp.</u>, 18 F.3d 1, 13 n. 17 (1st Cir. 1994), and <u>Foley v. City of Lowell</u>, 948 F.2d 10, 21 (1st Cir. 1991). Courts are most frequently moved to help those who help themselves. <u>See</u> <u>id.</u>, citing <u>Paterson–Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co.</u>, 840 F.2d 985, 989 (1st Cir. 1988).

*E. Attorney Signature in Court Filings*

On another matter, the court notes that the Debtor's counsel did not include either his name, his bar admission number, or his signature in the signature block at the end of the *Debtor's Motion for Summary Judgment in Support of Objection to Claim and Opposing Dismissal*.[4] P.R. L.B.R. 1005-1(c) provides that

> [e]ach paper filed must include a signature block with the **name**, mailing address, email address, and telephone and facsimile numbers of the party or attorney filing the paper. The signature block for attorneys must include the law firm's name, the name of the client, and **the attorney's bar admission number for the United States District Court for the District of Puerto Rico**. Electronic signatures of debtors, attorneys, trustees, and all other filers must comply with the LBR 5005-4.

LBR 1005-1(c). Boldface added.

Similarly, Bankruptcy Rule 9011(a) provides that

> [e]very petition, pleading, written motion, and other document— except a list, schedule, or statement, or an amendment to one of them—must be signed by at least one attorney of record **in the attorney's individual name**. A party not represented by an attorney must sign all documents. Each document must state the signer's address and telephone number, if any. **The court must strike an**

---

[4] The signature block included only the following information:

JPC LAW OFFICE
Attorney for Plaintiff
PO BOX 363565
San Juan, PR 00936-3565
Tel: (787) 607-2066; (787) 607-2166
jpc@jpclawpr.com

**unsigned document unless the omission is promptly corrected after being called to the attorney's or party's attention**."

Fed. Bankr. R. 9011(a). Boldface added.

The court reminds the parties of the importance of complying with these rules and advises them that future noncompliance may result in sanctions as provided by the applicable Rules.

<u>Conclusion</u>

For the reasons discussed herein, the court finds that summary judgment is inappropriate under Fed. R. Civ. P. 56, and hereby:

1. DENIES Torres' request for dismissal of the Third Bankruptcy Case in the *Motion to Dismiss* (dkt. #86) and in *Torres' Motion for Summary Judgment in Support of Dismissal* (dkt. #113);

2. DENIES the Debtor's objection to Torres' Proof of Claim No. 6 in the *Objection to Claim* (dkt. #87) and the *Debtor's Motion for Summary Judgment in Support of Objection to Claim and Opposing Dismissal* (dkt. #114);

3. ALLOWS Proof of Claim No. 6 filed by Torres;

4. GRANTS Torres' request for reasonable attorneys' fees for having to defend Proof of Claim No. 6; and

5. ORDERS Torres to submit a memorandum setting forth the amount of attorney's fees sought. Any opposition to the amount requested shall be filed within twenty-one (21) days thereafter.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 27th day of March 2026.

Enrique S. Lamoutte
United States Bankruptcy Judge

-17-