IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>ARTURO MEANA ALVAREZ<br><br>Debtor | CASE NO. 24-03568 (ESL)<br><br>CHAPTER 13<br><br>FILED AND ENTERED 10/16/2026 |

**OPINION AND ORDER**

This case is before the court upon the *Creditor Torres's Memorandum in Support of Attorney's Fees* (the "**Memorandum**", dkt. #126) filed by creditor Lynette Torres Marquez ("**Torres**"), the *Amended Debtor's Objection to Allowance of Attorney's Fees and Bar to Refile*[1] (the "**Objection**", dkt. #143) filed by the Debtor, the *Amended Opposition to Debtor's Objection to Attorney's Fees and Bar to Refile*[2] (the "**Opposition to Objection**", dkt. #148) filed by Torres, and the *Motion to Inform* (dkt. #155) filed by the Debtor.

For the reasons stated herein, the *Amended Debtor's Objection to Allowance of Attorney's Fees and Bar to Refile* (dkt. #143) is hereby DENIED and the *Creditor Torres's Memorandum in Support of Attorney's Fees* (dkt. #126) is GRANTED. Accordingly, the court ALLOWS attorney's fees in favor of Torres in the amount of $6,580.00 for having to defend her Proof of Claim No. 6.

The Debtor is further ENJOINED from filing a bankruptcy petition under any chapter of the Bankruptcy Code for two (2) years from the date of entry of the *Order Dismissing Case*, *infra*.

In addition, the Debtor's counsel is hereby ORDERED TO SHOW CAUSE within fourteen (14) days after entry of this *Order*, why the court should not impose a monetary sanction of $200.00 against counsel personally for counsel's repeated failure to comply with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules, including the requirements that

[1] The Debtor had previously filed an *Objection to Allowance of Attorney's Fees and Bar to Refile* (dkt. #128), but it was subsequently amended after the court entered an *Order on Use of Generative Artificial Intelligence in Filings with the court* (dkt. #141).

[2] Torres had previously filed an *Opposition to Debtor's Objection to Attorney's Fees and DSO Claim* (dkt. #147), but the court will not consider it as it was subsequently amended.

filed papers identify counsel by name, signature, and bar admission number, despite the court's prior warnings.

*Procedural Background*

1. The instant case was dismissed on March 27, 2026, when the court entered an *Order Dismissing Case* (the "**Order Dismissing Case**", dkt. #121) granting FirstBank Puerto Rico's *Motion to Dismiss* for arrears on plan payments (dkt. #105). The court further found cause for dismissal because the Debtor failed to submit required monthly operating reports, failed to address the Chapter 13 Trustee's unfavorable reports regarding confirmation of the Amended Chapter 13 Plan, and had not resolved significant confirmation deficiencies under 11 U.S.C. §1325. The court concluded that confirmation of a feasible Chapter 13 Plan within a reasonable time was unlikely and ordered the Debtor to show cause, within twenty-one (21) days, why the court should not bar him from filing another bankruptcy petition for a period of two (2) years.

2. On the same date, and prior to entering the *Order Dismissing Case*, the court had entered an *Opinion and Order* (dkt. #120) denying the Debtor's objection to Proof of Claim No. 6 by Torres (dkt. #87) and denying Torres' *Motion for Summary Judgment* (dkt. #113) regarding Torres' previous request for dismissal (dkt. #86), not on the merits, but for failure to meet the summary judgment requirements under Fed. R. Civ. P. 56, made applicable to contested matters in bankruptcy by Fed. R. Bankr. P. 9014 (c) and Fed. R. Bankr. P. 7056. In the *Opinion and Order*, the court granted Torres' request for reasonable attorneys' fees for having to defend Proof of Claim No. 6 and ordered Torres to submit a memorandum setting forth the amount of attorneys' fees sought. The court allowed a period of twenty-one (21) days thereafter for any opposition to the amount requested by Torres. The court also noted that the signature block at the end of the Debtor's *Motion for Summary Judgment in Support of Objection to Claim and Opposing Dismissal* (dkt. #114) omitted the name, bar admission number, and signature of the Debtor's counsel. In light of these omissions, the court reminded the parties of the importance of compliance with the applicable rules and cautioned that future noncompliance may result in sanctions as provided by those rules.

3. In compliance with the *Opinion and Order* (dkt. #120), on April 9, 2026, Torres filed the *Memorandum* requesting $6,580.00 for attorneys' fees and submitting evidence in support thereof.

4. On May 21, 2026, the court entered an *Order on Use of Generative Artificial Intelligence in Filings with the Court* (dkt. #141) wherein, among other things, the court issued a second warning to the Debtor's counsel after he again omitted his name, bar admission number, and signature from the signature block, this time in the *Objection to Allowance of Attorney's Fees and Bar to Refile* (dkt. #128), in violation of P.R. L.B.R. 1005-1(c) and Fed. R. Bankr. P. 9011(a). Noting that counsel had failed to act on the prior warning in the *Opinion and Order* (dkt. #120) that future noncompliance could result in sanctions, the court again admonished him to avoid further noncompliance.

5. On May 21, 2026, the Debtor filed the *Objection* addressing both (i) the court's order for the Debtor to show cause as to why the court should not bar him from filing another bankruptcy petition for a period of two (2) years (dkt. #121); and (ii) the *Memorandum* filed by Torres requesting $6,580.00 for attorneys' fees.

6. In response, Torres filed the *Opposition to Objection* on June 8, 2026.

7. On June 19, 2026, the Debtor filed a *Motion to Inform* (dkt. #155) addressing various points from Torres' *Opposition to Objection*.

*Position of the Parties*

*A. The Debtor*

*i. Bar to Refile*

The Debtor maintains that the record does not support a finding of bad faith or abuse of the bankruptcy process that would warrant a bar to refile for two (2) years. He asserts that he filed the instant bankruptcy case as a good-faith effort to reorganize; that he has not engaged in serial or abusive bankruptcy filings; that there is no evidence he intended to hinder, delay, or defraud

creditors; and that the adult beneficiaries[3] do not support the refiling bar. According to the Debtor, the request for a bar to refile is based only on unsubstantiated allegations.

The Debtor argues that dismissal with prejudice requires "cause" under 11 U.S.C. §349(a), that 11 U.S.C. §109(g) authorizes a 180-day bar only in its specified circumstances, and that relief under 11 U.S.C. §105(a) requires an adequate showing of bad faith or abuse.

*ii. Attorneys' Fees*

In the *Objection*, the Debtor did not directly address the merits Torres' requested amount for attorney's fees in the *Memorandum*. Instead, the Debtor argued that Torres lacked standing to file Proof of Claim No. 6 because two (2) of their three (3) children are now of legal age.

*B. Torres*

*i. Bar to Refile*

Torres characterizes the Debtor's response to the court's show-cause directive concerning a potential bar to refiling as a "red herring," asserting that neither she nor ASUME seeks such relief. Nevertheless, Torres maintains that, should the court consider a refiling bar or other sanctions, the Debtor's prior conduct, including the Puerto Rico court of Appeals' finding of manifestly frivolous litigation, would support such relief.

*ii. Attorneys' Fees*

Torres argues that the Debtor's *Objection* provides no basis to deny the requested attorney's fees because it does not challenge the amount requested or cite legal authority establishing that the previously awarded fees are unwarranted. Torres further contends that the Debtor's conduct in the bankruptcy case, particularly his alleged relitigation of state-court issues, unsupported motions, and use of his children's letters as litigation instruments, independently warrants fees or sanctions under 11 U.S.C. §105(a) and Fed. R. Bankr. P. 9011.

[3] In support of the *Objection*, the Debtor submitted two letters signed by Paula Sofía Meana Torres and Lynnette Marie Meana Torres noting the dates in which they reached the majority of age and stating that they were not aware of the filing of any claims "to prevent or restrict [the Debtor] from pursuing alternative payment arrangements, nor from seeking relief under applicable bankruptcy laws" and that they do not consent to or support "the claims and motions filed on [their] behalf" (dkt. #143, pp. 6-7).

In response to the Debtor's argument that Torres lacked standing to file Proof of Claim No. 6, Torres argues that the claim was properly filed because it involves distinct rights held by the minor child, Torres personally as the custodial parent who paid obligations allegedly owed by the Debtor, and ASUME as the statutory administrator of the support obligation. Thus, Torres contends that the adult daughters' consent was not required.

*Applicable Law and Discussion*

*A. Bar to Refile*

The first issue this court must address is whether a two-year bar to refiling is warranted in light of the circumstances of this case and the Debtor's arguments in the *Objection* and the *Motion to Inform*. In the *Order Dismissing Case* entered on March 27, 2026, the court granted FirstBank Puerto Rico's *Motion to Dismiss* based on arrears in plan payments. The court further found cause for dismissal because the Debtor had failed to submit required monthly operating reports, address the Chapter 13 Trustee's unfavorable reports concerning confirmation of the Amended Chapter 13 Plan, and resolve significant confirmation deficiencies under 11 U.S.C. §1325. Concluding that confirmation of a feasible plan within a reasonable time was unlikely, the court directed the Debtor to show cause, within twenty-one (21) days, why he should not be barred from filing another bankruptcy petition for two (2) years.

The Debtor opposes the bar to refile, maintaining that he commenced this case as a good-faith effort to reorganize and that the record does not establish bad faith, serial or abusive filings, or an intent to hinder, delay, or defraud creditors. He further asserts that the adult beneficiaries do not support a refiling bar and that the proposed restriction rests on unsubstantiated allegations. The Debtor relies on 11 U.S.C. §§349(a), 109(g), and 105(a) in support of his opposition to the proposed two-year refiling bar. The court must therefore determine whether the record supports the additional restriction of a two-year bar to refiling.

The Bankruptcy Code provides a 180-day bar to refile for individuals after a case is dismissed if dismissal was due to a debtor's failure to abide by court or appear before the court in proper prosecution of the case, or if a debtor voluntarily dismissed a case after the filing of a

request for relief from the automatic stay. See, 11 U.S.C. §109(g). The court may also enter a bar to refile under 11 U.S.C. §349(a), which states that the dismissal of a case is without prejudice "unless the court, for cause, orders otherwise". The court has "authority to sanction serial or bad faith filers by baring future filings for reasons and longer periods of time other than those specified by 11 U.S.C. § 109(g), from either 11 U.S.C. § 105(a), 11 U.S.C. § 349(a), or both." In re Correa, 2024 WL 3714494, at *13. See also, Gonzalez-Ruiz v. Doral Fin. Corp., 341 B.R. 371, 386 (B.A.P. 1st Cir. 2006). "Dismissals with prejudice are [ ] generally reserved for extreme situations, such as when a debtor conceals information from the court, violates injunctions, files unauthorized petitions, or acts in bad faith". In re Ortiz Jimenez, 2019 WL 2369510, at *3 (Bankr. D.P.R. 2019), quoting In re Hall, 304 F.3d 743, 746 (7th Cir. 2002).

The court finds that the following factors add up in considering a bar to refile in the instant case: (1) the Debtor's prior bankruptcy petitions (see, Bankr. Case No. 13-03154 (dismissed on Debtor's failure to file all the documents and/or information required by 11 U.S.C. §521(a)); and Bankr. Case No. 13-08779 (closed in January 2019 after the court entered a Discharge Order on December 26, 2018)); (2) the Debtor's attempt to reopen Bankr. Case No. 13-08779 to file an adversary proceeding against Torres and ASUME and his subsequent request for voluntary dismissal thereof shortly before filing the instant bankruptcy case; (3) the fact that there is a final state determination issued by ASUME and confirmed on appeal in Torres' favor; and (4) the multiple deficiencies identified by the court in the *Order Dismissing Case*.

The Debtor's conduct qualifies as the conspicuous behavior that warrants a dismissal with prejudice. Accordingly, the Debtor's *Objection* is DENIED, and the Debtor is prohibited from filing a bankruptcy petition under any chapter of the Bankruptcy Code for two (2) years.

*B. Attorneys' Fees*

In the *Opinion and Order* entered on March 27, 2026 (dkt. #120), the court awarded attorney's fees to Torres for having to defend Proof of Claim No. 6, directed Torres' counsel to submit a memorandum specifying the amount sought, and established a deadline for the Debtor to file an opposition thereto. Counsel for Torres timely submitted the *Memorandum* and

documentation in support thereof. Although the Debtor filed the *Objection* and the *Motion to Inform*, he did not address the merits of the fees requested by Torres, challenge any specific billing entry, or contest the amount sought.

Considering the above and having reviewed the *Memorandum* and supporting documentation submitted by Torres, the court finds the attorney's requested fees reasonable and ALLOWS attorney's fees in favor of Torres in the amount of $6,580.00.

*C. Compliance with the Applicable Rules and Orders Entered by the Court*

The court now turns to Debtor's counsel's repeated noncompliance with P.R. L.B.R. 1005-1(c) and Fed. R. Bankr. P. 9011(a), notwithstanding the court's several prior warnings. The parties are obligated to comply with all applicable rules, including the Federal Rules of Bankruptcy Procedure, the Puerto Rico Local Bankruptcy Rules, and the orders entered by the court. Failure to comply, after notice and an opportunity to respond where required, may warrant appropriate sanctions or other relief.

In the instant case, the court previously advised counsel that every filing must include counsel's name, signature, and attorney bar number, and that failure to comply may result in the imposition of sanctions. <u>See</u>, dkts. ##120, 141. In addressing that requirement, the court considered the provisions of P.R. L.B.R. 1005-1(c) and Bankruptcy Rule 9011(a), which provide, in relevant part, as follows:

> [e]ach paper filed must include a signature block with the **name**, mailing address, email address, and telephone and facsimile numbers of the party or attorney filing the paper. The signature block for attorneys must include the law firm's name, the name of the client, and **the attorney's bar admission number for the United States District Court for the District of Puerto Rico**. Electronic signatures of debtors, attorneys, trustees, and all other filers must comply with the LBR 5005-4.

P.R. L.B.R. 1005-1(c) (boldface added).

Similarly, Fed. R. Bankr. P. 9011(a) provides that:

> [e]very petition, pleading, written motion, and other document—except a list, schedule, or statement, or an amendment to one of them—must be signed by at least one attorney of record **in the attorney's individual name**. A party not represented by an attorney must sign all documents. Each document must state the signer's address and telephone number, if any. **The court must strike an unsigned document unless the omission is promptly corrected after being called to the attorney's or party's attention**."

Fed. R. Bankr. R. 9011(a) (oldface added).

In the *Opinion and Order* (dkt. #120), the court reminded the parties of the importance of complying with these rules and advised them that future noncompliance may result in sanctions. On this point, a party that does not comply with the Federal Rules of Bankruptcy Procedure or the Puerto Rico Local Bankruptcy Rules may be subject to penalties, including monetary sanctions, the imposition of costs and attorneys' fees payable to opposing counsel, and/or dismissal of the case or proceeding. See P.R. L.B.R. 9011-3(a). See also, P.R. L.B.R. 1001-1(f). Further, per Fed. R. Bankr. P. 9011(a), "[t]he court must strike an unsigned document unless the omission is promptly corrected after being called to the attorney's or party's attention".

After the court entered the *Opinion and Order* (dkt. #120) where the court warned the parties that future noncompliance with the Rules of Bankruptcy Procedure and the Puerto Rico Local Bankruptcy Rules, which require that every paper filed with the court must be signed by an attorney, and include their name, bar admission number for the United States District Court for the District of Puerto Rico, and other relevant information may result in sanctions, counsel for the Debtor has continued to disregard and fail to comply with such rules. Specifically, counsel for the Debtor has made the following deficient filings:

1. *Debtor's Objection to Allowance of Attorney's Fees and Bar to Refile* (dkt. #128) (did not include attorney name, attorney signature, attorney bar admission number)

2. *Motion Requesting Entry of Order Granting Debtor's Objection to Allowance of Attorney's Fees and Bar to Refile* (dkt. #132) (did not include attorney's bar admission number)
3. *Motion to Retain Jurisdiction* (dkt. #133) (did not include attorney's bar admission number)
4. *Motion in Compliance with Court Order Regarding Use of Generative Artificial Intelligence in Filings with the Court* (dkt. #142) (did not include attorney's bar admission number)
5. *Amended Debtor's Objection to Allowance of Attorney's Fees and Bar to Refile* (dkt. #143) (did not include attorney name, attorney signature, attorney bar admission number)
6. *Motion to Inform* (dkt. #155) (did not include attorney's bar admission number)
7. *Motion Requesting Extension of Time* (dkt. #156) (did not include attorney's bar admission number)
8. *Motion Requesting Entry of Application for Compensation Filed by Attorney for Debtor as per Trustee Compliance Report* (dkt. #170) (did not include attorney's bar admission number)

*Conclusion*

In light of the above, the court orders the following:

1. The Debtor is prohibited from filing a bankruptcy petition under any chapter of the Bankruptcy Code for two (2) years.
2. The court finds the attorney's requested fees reasonable and ALLOWS attorney's fees in favor of Torres in the amount of $6,580.00.
3. The Debtor's counsel is hereby ORDERED TO SHOW CAUSE within fourteen (14) days after entry of this *Opinion and Order*, why the court should not impose a monetary sanction of $200.00 against counsel personally for counsel's repeated failure to comply with the Federal Rules of Bankruptcy Procedure and the Puerto Rico Local

Bankruptcy Rules, including the requirements that filed papers identify counsel by name, signature, and bar admission number, despite the court's prior warnings (see, dkts. #120 and, #141).

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 16th day of October 2026.

Enrique S. Lamoutte
United States Bankruptcy Judge